UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JANICE ROGERS,

                Plaintiff,

        *-against-*

RIDDLE & ASSOCIATES, P.C.,

                Defendant.

-----------------------------------------------------------------X

*CLASS ACTION COMPLAINT*
6409 CV 08

    Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, alleges as follows:

## INTRODUCTION

1.  Janice Rogers seeks redress for the illegal practices of concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

## PARTIES

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt.

4.  Upon information and belief, Riddle & Associates, P.C. is a Utah Corporation with its principal place of business in Salt Lake City, Utah.

5.  Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## JURISDICTION AND VENUE

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection messages were left in this district.


## AS AND FOR A FIRST CAUSE OF ACTION

9.  Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10.  Defendant left several automated messages on the plaintiff's message machine between the approximate period of April and July of 2008.

11.  A portion of the automated messages contained long pauses which extended the length of the messages into several minutes.

12.  Another portion of the automated messages were cut off, leaving only a fraction of the message left on the machine and failed to state that the call was from a debt collector.

13.  The messages stated "you need to contact us regarding an urgent matter," and left 1-800-225-5050 as a number to call back, which belongs to the defendant.

14.  Sometimes, the messages stated "if you are not Janice Rogers, please stop listening now." However, because of the defective and dysfunctional nature of the automated message, said portion of the message was often cut off.

15.  On sporadic occasions, the messages stated that the call was a "debt collection agency attempting to collect a debt." However, because of the erratic and inconsistent nature of the automated messages, said portion phrase is commonly omitted and fails to be communicated to the consumer. Conversely, said language is sometimes stated, without the remainder of the

message, and is negligently transmitted through the answering machines disclosing the plaintiff's debt status to third parties and causing humiliation and embarrassment to the consumer.

16. The automated messages did not effectively convey the consumer's rights properly thereby repeatedly violating the plaintiff's rights.

17. The automated messages left the plaintiff unaware of who was calling and unaware of her rights.

18. That at no time was the plaintiff advised of her right to dispute the debt for 30 days, within five days of the initial contact by the defendant.

19. The defendant was and is aware of these defects, yet continues to allow this automated system to call and harass the plaintiff and consumers nation wide violating the FDCPA.

20. Said messages are in violation of 15 U.S.C. § 1692(c) for unlawful disclosure of the plaintiff's debt status via public automated transmissions.

21. Said messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the message was from a debt collector which constitutes a deceptive practice.

## CLASS ALLEGATIONS

22. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-16 as if set forth fully in this cause of action.

23. This cause of action is brought on behalf of plaintiff and the members of a class.

24. The class consist of consumers who received a message from the defendant which did not set forth that the call was a communication from a debt collector.

25. The Class consists of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from one of defendant's collection representatives failing to set forth that the message was from a debt collector similar to the messages for the plaintiff as cited above (b) the message was left concerning the seeking payment of an alleged debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692e(10) and 1692e(11).

26.  Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable,

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members,

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant,

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories,

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

27.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28.  If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29.  Telephone messages, such as those left by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

30.  The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

31.  Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a)    Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b)    Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d)     For such other and further relief as may be just and proper.


Dated: July 9, 2008

_____s/_____

Amir J. Goldstein, Esq.
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.


_____s/_____

Amir J. Goldstein  (AG-2888)